# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

NATHANIEL JACKSON,            )
                              )
            Plaintiff,        )
                              )
       v.                     )   No. CIV-09-411-FHS-SPS
                              )
RANDY WORKMAN, et. al.,       )
                              )
            Defendants.       )

## ORDER

Plaintiff, Nathaniel Jackson, appearing *pro se*, has filed with this court a civil rights complaint pursuant to 42 U.S.C. Sec. 1983 pertaining to his stay at the Oklahoma State Penitentiary.

On October 26, 2009, while a prisoner at the Oklahoma State Penitentiary, plaintiff filed his civil rights complaint alleging numerous civil rights violations. Specifically, plaintiff alleges defendants have violated his Fifth, Eighth and Fourteenth Amendment rights for actions surrounding an incident which occurred on July 29, 2009, in the process of plaintiff receiving a shower.

At all times relevant to his complaint, plaintiff was housed at the Oklahoma State Penitentiary. To exhaust his administrative remedies pursuant to the Department of Corrections grievance procedures for all claims not involving misconducts, a prisoner within Department of Corrections's custody is required to properly and timely file for each claim: 1) a request to staff, 2) a grievance to the facility head, 3) and an appeal of the

1

facility head's response to the administrative review authority. An inmate has not exhausted his available administrative remedies until he properly and timely files a grievance appeal to the administrative review authority (or the chief medical officer for medical grievances) and receives a response from that official. The one and only grievance filed by plaintiff in 2009 after the complained of incident, was submitted on November 12, 2009, after plaintiff filed the instant action. Oklahoma State Penitentiary grievance logs for the relevant time period indicate that plaintiff failed to file any grievance related to this claim. Plaintiff failed to properly and timely file a grievance appeal regarding any medical issue between November 27, 2001, and February 4, 2009. Plaintiff has simply failed to exhaust his administrative remedies as to any claim in his lawsuit.

A plaintiff is required to exhaust each claim prior to bringing litigation. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In <u>Wright</u>, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative

> interpretation of the exhaustion doctrine, to prescribe
> or oversee prison grievance systems." <u>Wright</u> at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. <u>Porter v. Nussle</u>, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

After careful review, the court finds the plaintiff has simply failed to exhaust his administrative remedies as to his claims. Accordingly, defendants' Motion to Dismiss/Motion for Summary Judgment is hereby **GRANTED**.

**IT IS SO ORDERED** this 22nd day of April, 2010.

*Frank H. Seay*
United States District Judge